# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PARIS TAYLOR, #N64077, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19−cv–44−NJR |
| ) | |
| RYAN SUTTERER, ) | |
| MOHAMMED SIDDIQUI, and ) | |
| WEXFORD HEALTH SOURCE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Paris Taylor, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that he has been denied adequate medical treatment for his chronic vision problems. (Doc. 11, pp. 1-161). In his request for relief, Plaintiff seeks only monetary damages. (Doc. 11, p. 13). The Complaint suggests, however, that Plaintiff's alleged medical needs are ongoing, and that Plaintiff may be seeking injunctive relief at the close of the case. Accordingly, Menard's warden will be added to the docket,[1] in his official capacity only, for addressing any injunctive relief that might be ordered.[2]

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] See FED. R. CIV. P. 17(d), 21; *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).
[2] Plaintiff is entitled to relief even if he" has not demanded such relief in [his] pleadings." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (quoting *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65-66 (1978)). Whether Plaintiff is seeking injunctive relief in the form of specific medical care can be clarified at a later date. *Id*.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff suffers from chronic vision problems. (Doc. 1, p. 5). On March 18, 2014, Plaintiff underwent surgery for a retinal detachment in his left eye. *Id.* He was supposed to have a second surgery to insert a permanent contact lens in his left eye, but before the surgery was performed, Plaintiff was transferred to Menard. (Doc. 1, p. 6; Doc. 1-1, p. 1). In February 2016, Plaintiff was examined by Dr. Sutterer. (Doc. 1, p. 6). Plaintiff explained that he still needed surgery. *Id.* He also said that his vision was deteriorating, and that he was experiencing severe headaches and dizziness. Dr. Sutterer told Plaintiff he would refer him to see an ophthalmologist. *Id.* In February 2017, Plaintiff filed a grievance complaining that he still required follow-up surgery and still needed to be examined by an ophthalmologist. (Doc. 1-1, p. 1). Dr. Sutterer responded to the grievance, stating that Plaintiff's request had been referred to collegial for review. *Id.*

Plaintiff was examined by Dr. Sutterer again in December 2017 and January 2018. (Doc. 1, p. 7). He complained that his vision was worsening and that he was experiencing dizziness daily. *Id.* Dr. Sutterer told Plaintiff nothing could be done because Wexford "hate[s] to refer people to outside hospitals because of cost." *Id.* Dr. Sutterer told Plaintiff he would speak with the medical director, Dr. Siddiqui, and asked Plaintiff to be patient. *Id.* Plaintiff spoke to Dr. Siddiqui in person in January 2018. (Doc. 1, pp. 9-10). Dr. Siddiqui told Plaintiff it was out of his control and instructed Plaintiff to write to Wexford. *Id.* Although not entirely clear, it appears that, to date, Plaintiff has not been seen by an ophthalmologist, has not received surgery, and has not received a permanent contact lens. (Doc. 1, pp. 5-14).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count:

**Count 1:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's chronic vision problems.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

Plaintiff claims that he has a long history of vision problems, previously suffered from a retinal detachment, and still requires follow-up eye surgery. He also claims that his vision is deteriorating, and that he suffers from headaches and dizziness daily. These allegations are sufficient to satisfy the objective component of an Eighth Amendment claim. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Complaint also suggests that Dr. Sutterer and Dr. Siddiqui have exhibited deliberate indifference to Plaintiff's serious medical condition by denying his requests for treatment for nonmedical reasons, ignoring his complaints about severe and worsening symptoms, and otherwise failing to treat and/or delaying treatment for his condition. *See* e.g., *Farmer v. Brennan*, 511 U.S. 825 (1994); *Perez v. Fenoglio,* 792 F.3d 768 (7th Cir. 2015). The allegations also support a claim against Wexford, the private medical corporation that allegedly limits referrals for surgery and/or to outside providers to cut costs. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014) (private medical corporation may exhibit deliberate indifference through an unconstitutional policy or practice that causes a constitutional deprivation to occur).

Accordingly, Count 1 shall proceed against Dr. Siddiqui, Dr. Sutterer, and Wexford. Plaintiff may proceed against Dr. Siddiqui and Dr. Sutterer in their individual capacities for monetary damages. All intended official capacity claims Dr. Siddiqui and Dr. Sutterer shall be dismissed without prejudice. As previously noted, Menard's warden will be added to the docket in his official capacity to address any prospective injunctive relief that might be granted.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendants **SIDDIQUI** (individual capacity only)**, SUTTERER**

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(individual capacity only), and **WEXFORD HEALTH SOURCE, INC**. All official capacity claims directed against **SIDDIQUI** and **SUTTERER** are **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) to address any injunctive relief that might be ordered at the close of the case.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only), **SIDDIQUI, SUTTERER,** and **WEXFORD HEALTH SOURCE, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 17, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.