IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PARIS TAYLOR, #N64077, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv–00044−NJR |
| | ) |
| RYAN SUTTERER, | ) |
| MOHAMMED SIDDIQUI, | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| and | ) |
| FRANK LAWRENCE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Paris Taylor, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been denied adequate medical treatment for his chronic vision problems. Following preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claim.:

Count 1:  Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's chronic vision problems.

Menard's warden was added to the docket in his official capacity because it appeared Plaintiff might be seeking prospective injunctive relief.

Subsequently, Plaintiff filed a Motion for Leave to File a First Amended Complaint (Doc. 31) and a proposed First Amended Complaint. In the motion, Plaintiff states he wants to make a claim for injunctive relief and add the Warden of Menard as a defendant for that claim. He also seeks to add a *Monell* claim against Wexford and expand the factual basis for that claim.

1

Defendants oppose the motion (Doc. 32) on the basis that the First Amended Complaint does not add a new defendant or new claim as the Warden of Menard is already a defendant and there is a *Monell* claim proceeding against Wexford. They also argue that it is not necessary for Plaintiff to add a claim for injunctive relief because that issue is raised in Plaintiff's motion for preliminary injunction.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Nonetheless, the First Amended Complaint is still subject to review under Section 1915A.[1] Accordingly, prior to granting leave to amend, the Court will screen the First Amended Complaint.

### The First Amended Complaint

Plaintiff realleges the allegations from the Complaint, which are summarized in the Court's merit review order dated April 17, 2019 (Doc. 8) and will not be repeated here. Plaintiff adds the following allegations in the First Amended Complaint: On May 11, 2018, Plaintiff woke up with a severe headache and blurry vision in his right eye. He sought medical attention. The cell house nurse immediately sent him to an ophthalmologist. The ophthalmologist determined that he had high pressure in his right eye and recommended emergency surgery. Wexford Health Resources, Inc. medical staff at Menard was informed of the need for emergency surgery.

Wexford and its employees attempted to avoid scheduling the surgery. Plaintiff was forced to file emergency grievances on June 5 and 18, 2018, in an attempt to receive the medical treatment needed for his right eye. The Warden accepted the grievances and ordered an expedited review. Wexford unreasonably delayed the surgery. Plaintiff suffered severe headaches, blurry vision, and

---

[1] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

his daily activities were effected until he finally received the surgery.

Plaintiff needs new eyeglasses because he strains to see with his current glasses that he received in 2010 and 2013. This strain causes pressure to increase in his eyes, which is counter-productive to the surgical procedures he has had on his eyes.

Plaintiff seeks monetary damages and injunctive relief. He wants "updated/appropriate glasses" and "to receive all the care/treatment plans that the specialist at Quantum Visions instructed the Plaintiff must have to prevent him from suffering undue pain and ultimately losing his vision."

## Discussion

Based on the allegations in the First Amended Complaint, the Court designates the following claims:

> Count 1: Eighth Amendment claim against Sutterer and Siddiqui for exhibiting deliberate indifference to Plaintiff's chronic vision problems.
>
> Count 2: Eighth Amendment claim against Wexford for deliberate indifference to a serious medical need based on its policy and/or custom of delaying and denying medical care to reduce costs at the expense of the health of inmates which resulted in the denial and delay of treatment for Plaintiff's chronic vision problems.
>
> Count 3: Eighth Amendment claim for the denial of appropriate eyeglasses.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Counts 1 and 2*

Plaintiff's allegations are sufficient to proceed against Defendants Sutterer, Siddiqui, and Wexford on Plaintiff's deliberate indifference claim, now designated as Counts 1 and 2. Further, as previously noted, Defendant Lawrence, as the Warden of Menard is the appropriate official capacity defendant to address Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

*Count 3*

The claim in Count 3, however, will be dismissed. Plaintiff has not alleged a sufficient factual basis for that claim and has not associated the claim with any named defendant.

## **Motion for Appointment of Counsel**

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Plaintiff states he has sent letters to attorneys seeking representation, but he has not provided responses from any attorneys. The Court finds that Plaintiff has not provided sufficient proof that he has made a reasonable effort to obtain counsel on his own. The motion for appointment of counsel (Doc. 36) is, therefore, denied. Plaintiff may renew his request for counsel at any time during the pending action. If Plaintiff does renew his request, he should give the Court

rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

## Motion for Preliminary Injunction

Plaintiff filed a Motion for Preliminary Injunction (Doc. 30) in which he asserts he will suffer irreparable harm if Defendants "do not immediately start adhering to the specialist treatment plans." To obtain preliminary injunctive relief, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). If he shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.* at 662. The Seventh Circuit has described injunctions like the one sought here, requiring an affirmative act, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). Additionally, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Plaintiff provides no explanation or factual detail as to his request for preliminary injunctive relief in the motion. Instead, he states he is merging the briefings from his Motion for Leave to File First Amended Complaint and the First Amended Complaint into the motion for preliminary injunction. These other pleadings, however, provide no additional detail as to the request. Plaintiff does not allege what treatment plan has been prescribed by the "specialist," when

the treatment was prescribed, whether Defendants are aware of the recommended treatment, if he has made a request to Defendants for implementation of the treatment plan, who has denied the recommended treatment, or when the recommended treatment was denied. He has not established that he will suffer irreparable harm without the treatment. The Court finds that Plaintiff has not shown he is entitled to the relief he requests. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). The motion for preliminary injunction (Doc. 30) is, therefore, denied.

### **Disposition**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 31) is **GRANTED**. The Clerk of Court is **DIRECTED** to docket Plaintiff's proposed First Amended Complaint as the First Amended Complaint in this action.

For the reasons set forth above, the First Amended Complaint survives screening under 28 U.S.C. § 1915A. **Count 1** will proceed against Defendants **RYAN SUTTERER** and **MOHAMED SIDDIQUI**. **Count 2** will proceed against **WEXFORD HEALTH SOURCE, INC**. This action will also proceed against **FRANK LAWRENCE, WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only), to address any injunctive relief requested. Count 3 is **DISMISSED** without prejudice.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants should respond to the issues states in the original merit review order (Doc. 8) and in this merit review order.

The Motion for Appointment of Counsel (Doc. 36) and the Motion for Preliminary Injunction (Doc. 30) are **DENIED**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 9, 2019**

*(signature)*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**